UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: FRESENIUS GRANUFLO/NATURALYTE DIALYSATE PRODUCTS LIABILITY LITIGATION | § § § § | MDL NO. 1:13-MD-2428-DPW |
| This Document Relates to: | § § | |
| _All Cases_ | § § | |

## AGREED TO PROPOSED CASE MANAGEMENT ORDER NO. 7 (Revised)

### (Master Complaint, Short Form Complaint, Master Responsive Pleadings, Direct Filing and Waiver of Service of Process For Direct Filed Cases)

This MDL Court recognizes that cases relating to this MDL (_In re: Fresenius GranuFlo/NaturaLyte Dialysate Products Liability Litigation,_ MDL No. 2428) may originate in state court and be removed to a federal court and then transferred to this MDL Court as a "tag-along" case, may originate in another federal court and then transferred to this MDL Court as a "tag-along" case or may originate in this federal court district. This Case Management Order is entered to promote efficiency and to eliminate the delays typically associated with the "tag-along" transfer of cases to this MDL Court by the Judicial Panel on Multidistrict Litigation and to facilitate cases that originate in this federal district court being consolidated and coordinated for pretrial proceedings in this MDL. Accordingly, for all civil actions transferred to _In re: Fresenius GranuFlo/NaturaLyte Dialysate Products Liability Litigation,_ MDL No. 2428 (the "MDL 2428 Proceedings") by the Judicial Panel on Multidistrict Litigation pursuant to its order of March 29, 2013, and any actions later filed in, removed to, or transferred to this MDL Court, it is **ORDERED** as follows:

1

I.    **GENERAL**

1.      This Order applies to Plaintiffs and the following defendants: Fresenius USA, Inc., Fresenius USA Manufacturing, Inc., Fresenius USA Marketing, Inc., Fresenius USA Sales, Inc., and Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America (collectively referred to as "Fresenius North America"); and Fresenius Medical Care AG & CO. KGaA, Fresenius Medical Care Management AG, Fresenius SE & CO. KGaA and Fresenius Management SE (collectively referred to as to the "European Fresenius Defendants").   No defendants other than Fresenius North America and the European Fresenius Defendants are hereby bound by the provisions of this Order.

2.      The previously filed attached *Master Complaint and Jury Demand* ("*Master Complaint*") naming Fresenius North America and the European Fresenius Defendants as Defendants (Exhibit "A"), and the attached revised form of *Short Form Complaint* (Exhibit "B") have been presented to the Court, and the Court **DIRECTS** that the Clerk file those documents in this MDL.

3.      All factual allegations pled in the *Master Complaint* are deemed pled against Fresenius North America and the European Fresenius Defendants in any previously filed *Complaint* for any case now pending in this MDL proceeding, and as to any *Short Form Complaint* hereafter filed; provided, however, the *Master Complaint* is applicable only as against the entities from Fresenius North America and European Fresenius Defendants that are named as a defendant in the *Master Complaint* and selected as a defendant in the *Short Form Complaint*.

4.      Each *Short Form Complaint* shall indicate which entities from Fresenius North America and the European Fresenius Defendants named in the *Master Complaint* are named as a defendant in the individual case, those counts in the *Master Complaint* that are being asserted in

the individual case, and the specific consumer protection statute, if any, upon which the Plaintiff relies.

5.      This Order does not preclude a Plaintiff from naming other defendants in a *Short Form Complaint.* Accordingly, if a Defendant other than Fresenius North America or the European Fresenius Defendants is named as a Defendant in a *Short Form Complaint*, the specific facts supporting all allegations against that Defendant shall be pleaded in accordance with the Federal Rules of Civil Procedure on a separate sheet of paper attached to the *Short Form Complaint.* In the event that any allegations of the *Master Complaint* are incorporated in a *Short Form Complaint* against any other Defendant(s), then that Defendant may file an *Answer* to the *Short Form Complaint* containing a general denial of the allegations in the *Master Complaint*.

## II.    DIRECTLY FILED CASES[1]

6.      Subsequent to the filing of this Order, all actions initially filed directly in the District of Massachusetts in the MDL 2428 Proceedings pursuant to the direct filing procedures stated in this Case Management Order against Fresenius North America and the European Fresenius Defendants shall occur by the filing of the *Short Form Complaint*. Plaintiffs shall file the *Short Form Complaint* attached hereto at Exhibit B (and available in Word format from Plaintiffs' Liaison Counsel's office at jferraro@kreindler.com), marking where indicated on the form that it is a "new matter".

7.      To file a new civil action *via* the CM/ECF system using a *Short Form Complaint*, a Plaintiff shall follow the instructions set forth on Exhibit C. The usual court fees for a newly filed matter shall apply equally to the filing of a *Short Form Complaint* marked as a "new matter."

---

[1]A "Directly Filed Case" is a case filed in the District of Massachusetts for inclusion in this MDL.

8.      In order to eliminate delays associated with a "tag-along" transfer to this Court of cases that might otherwise be first filed in a federal district court that is not this Court, or first filed in a state court located in a federal district that would not result in the removal of that case to this Court, but removal to a different federal district court, and to promote judicial efficiency, any Plaintiff whose case is so filed and which would then be subject to a "tag-along" transfer to the MDL 2428 Proceedings, may file his or her case directly in the MDL 2428 Proceedings in the District of Massachusetts by the filing of a *Short Form Complaint*.

9.      Cases directly filed in this Court pursuant to this Order shall not name more than a single Plaintiff in the case, provided, however, that any such case may include consortium plaintiff(s) as permitted by law and, in the event of a wrongful death action, the appropriate representative(s) of the Estate.

10.     Each case filed directly in the MDL Proceedings shall be filed using the *Short Form Complaint* and litigated in the MDL 2428 Proceedings for purposes of pretrial proceedings, consistent with the Judicial Panel on Multidistrict Litigation's March 29, 2013 Transfer Order. As to any Plaintiff who chooses to file the case directly in these MDL 2428 Proceedings, the Plaintiff may elect on the *Short Form Complaint*, for the Complaint to be deemed to have been originated in Massachusetts (hereafter referred to as his or her "home forum"), thereby electing for the case to be tried or otherwise resolved in the District of Massachusetts and upon such election and choice by the Plaintiff, Fresenius North America and the European Defendants shall not challenge the designation of Massachusetts as the home forum for the case, nor challenge that this MDL Court shall be the Court to try or otherwise resolve the case.

11.     Regardless of whether a Plaintiff makes an election in the *Short Form Complaint* to deem this MDL Court as the home forum for the Plaintiff, solely for purposes of pretrial proceedings, Fresenius North America and the European Fresenius Defendants shall not challenge the venue of any action filed directly in the MDL Proceedings in the District of Massachusetts. The direct filing of actions in the MDL 2428 Proceedings in the District of Massachusetts is solely for purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407. Upon the completion of all pretrial proceedings applicable to a case directly filed in the MDL 2428 Proceedings where the Plaintiff did not elect to choose this MDL Court as the Plaintiff's home forum in the *Short Form Complaint*, and subject to any agreement that may be reached concerning a waiver of the requirements for transfer pursuant to *Lexecon v. Milberg Weiss et al.*, 523 U.S. 26 (1998) as to cases where the election was not made, this Court, pursuant to the Rules of the Judicial Panel on Multidistrict Litigation and 28 U.S.C. §1404(a), will initiate the transfer of that case to a federal district court of proper venue as defined by 28 U.S.C. §1391, based on the district where the plaintiff or decedent resided at the time of alleged injury, where dialysis with NaturaLyte and/or GranuFlo was administered, the recommendations of the parties to that case, or on its own determination after briefing from the parties if they cannot agree. Utilization of the procedure set forth in this Order for directly filing a case in the MDL 2428 Proceedings shall not result in this Court being deemed the "transferor court" for any such directly filed case, unless the Plaintiff elects to choose Massachusetts as his or her home forum on the *Short Form Complaint*.

12.     The preceding paragraphs of this Order do not preclude the parties from agreeing, at a future date, to try in this District cases filed pursuant to this Order in which the Plaintiff did NOT elect to choose Massachusetts as his or her home forum on the Short Form Complaint.

13.    The inclusion of any action in this MDL Proceeding, whether such action was or will be filed originally or directly in the District of Massachusetts, shall not constitute a determination by this Court that jurisdiction or venue is proper in this District.

14.    The caption for any *Short Form Complaint* that is directly filed in MDL 2428 before this Court shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **IN RE: FRESENIUS GRANUFLO/NATURALYTE DIALYSATE PRODUCTS LIABILITY LITIGATION** | § § § § | **MDL NO. 1:13-MD-2428-DPW** |
| **This Document Relates to:** | § § § | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | § § | |
| **[Names of Plaintiff]** | § § | |
| *Plaintiffs,* | § § § | |
| v. | § | |
| **[Any of the following defendants]** FRESENIUS USA, INC., FRESENIUS USA MANUFACTURING, INC., FRESENIUS USA MARKETING, INC., FRESENIUS USA SALES, INC., FRESENIUS MEDICAL CARE HOLDINGS, INC. d/b/a FRESENIUS,MEDICAL CARE NORTH AMERICA, FRESENIUS MEDICAL CARE AG & CO. KGaA, FRESENIUS MEDICAL CARE MANAGEMENT AG, FRESENIUS SE & CO. KGaA FRESENIUS MANAGEMENT SE | § § § § § § § § § § § § § | |
| *Defendants* | § § | |

15.     Any attorney admitted to practice and in good-standing in any United States District Court is admitted *pro hac vice* in this litigation and association of co-counsel for purposes of filing and/or litigation, including direct filing, is not required.

16.     When electronically filing the pleadings, the signature block shall follow the below format:

> RESPECTFULLY SUBMITTED,
> /s/ Jane Doe
> Jane Doe
> NAME OF LAW FIRM
> ADDRESS
> TELEPHONE
> FAX
> EMAIL@EMAIL.com
> Attorney for Plaintiff

## III.    USE OF SHORT FORM COMPLAINT FOR EXISTING CASES

**17.**     Plaintiffs with cases pending in MDL 2428 at the time of entry of this revised CMO 7 shall, within 60 days of this Order, file a *Short Form Complaint*, which shall replace a Plaintiff's original "long form" Complaint, by filing the *Short Form Complaint* as an "amended complaint" via the Court's CM/ECF system, in the individual docket that was established for the case upon the filing of the original long form Complaint.  Plaintiffs shall mark where indicated on the *Short Form Complaint* that the filing relates to a "pending matter" and shall not pay any additional court fees.

18.     Cases transferred to these MDL proceedings after entry of this revised CMO 7 shall also have 60 days (from the date on which the case is docketed in USDC Massachusetts) in which to file their *Short Form Complaints* in the manner set forth above in Par. 17.

19.    Cases which were pending at the time of entry of this revised CMO 7 may opt to choose Massachusetts as the "home forum" if the case was transferred from another jurisdiction, by checking where indicated on the *Short Form Complaint*.

20.    For cases which were pending at the time of entry of this revised CMO 7, the date of filing of the original long form Complaint shall govern for purposes of calculating the period of limitations.

## IV.    AMENDMENTS TO SHORT FORM COMPLAINT

21.    If, at any time, a Plaintiff desires to amend his or her *Short Form Complaint*, which alleges wrongful death, he or she may, as a matter of course and without the need to file a motion for leave to amend or the imposition of additional court fees, amend his/her Short Form Complaint for the purpose of substituting the duly appointed personal representative of the estate of the decedent (marking where indicated on the form that it relates to a "pending matter"). For any other amendments to a *Short Form Complaint* which has been served on any Fresenius defendant, the Plaintiff must proceed pursuant to Fed. R. Civ. P. 15.

## V.    SERVICE OF PROCESS ON FRESENIUS NORTH AMERICA

22.    Fresenius North America agrees, without waiver of any defenses, to accept service of process of both the *Master Complaint* and any *Short Form Complaint* filed in the MDL 2428 Proceedings (or any Amendments thereto), solely on their own behalf in all cases filed directly in this MDL, in accordance with the direct filing procedures set forth in this Order, subject to the provisions of Fed. R. Civ. P. 4(d)(as modified herein).

23.    For cases filed directly in the MDL 2428 Proceedings pursuant to this Order, the *Master Complaint* or *Short Form Complaint* (or any amendments thereto) and notice required

8

under Rule 4(d) shall be provided by mailing them with a cover letter with an E-Mail address for receipt confirmation to:

> Brandt Zeigler
> Bradley Arant Boult Cummings, LLP
> One Federal Place
> 1819 Fifth Avenue North
> Birmingham, AL
> 35203-2119

24.     Fresenius North America is not required to return the waiver forms contemplated by Rule 4(d), but shall instead send a confirmation of first receipt of a *Master Complaint* or *Short Form Complaint* (or any amendments thereto) to Plaintiff's counsel by E-mail or otherwise and shall respond to the *Master Complaint* or *Short Form Complaint* (or any amendments thereto) as set forth herein at paragraphs 31 through 33. A Plaintiff who files his/her *Short Form Complaint* (or any amendments thereto) directly in the MDL 2428 Proceedings pursuant to the terms of this Order and effectuates service pursuant to paragraphs 22 and 23 is not required to file a return of service with the Court.

25.     Service on Fresenius North America will be effective only if effected and confirmed as set forth above by confirmation E-mail from Brandt Zeigler of Bradley Arant Boult Cummings, LLP. This Order does not prevent any Plaintiff from effecting service on Fresenius North America pursuant to any other method authorized under the Federal Rules of Civil Procedure.

## VI.     SERVICE OF PROCESS ON THE EUROPEAN FRESENIUS DEFENDANTS

26.     Plaintiffs shall serve a Summons, their Master Complaint and a template Short Form Complaint upon the European Fresenius Defendants in a manner consistent with Fed. R. Civ. P. 4 and applicable portions of the Hague Convention.

27.     The European Fresenius Defendants agree, without waiver of any defenses, to accept service of process of any *Short Form Complaint* (or any Amendments thereto) filed in the MDL 2428 Proceedings in accordance with this Order, solely on their own behalf, subject to the provisions of Fed. R. Civ. P. 4(d)(as modified herein).

28.     For cases filed directly in the MDL 2428 Proceedings pursuant to this Order, as well for cases described above in Pars. 17-18 where a *Short Form Complaint* shall be filed to replace a Plaintiff's existing long form Complaint, the *Short Form Complaint* (or any amendments thereto) and notice required under Rule 4(d) shall be provided to the European Fresenius Defendants by mailing them with a cover letter with an E-Mail address for receipt confirmation to:

> Vivianne Knierim
> Baker & McKenzie LLP
> 452 Fifth Avenue
> New York, New York  10018

29.     The European Fresenius Defendants are not required to return the waiver forms contemplated by Rule 4(d), but shall instead send a confirmation of first receipt of a *Short Form Complaint* (or any amendments thereto) to Plaintiff's counsel by E-mail or otherwise and shall respond to the *Master Complaint* or *Short Form Complaint* (or any amendments thereto) as set forth herein at paragraphs 31 through 33.  A Plaintiff who files his/her *Short Form Complaint* (or any amendments thereto) in the MDL 2428 Proceedings pursuant to the terms of this Order and effectuates service pursuant to paragraphs 27 and 28 is not required to file a return of service with the Court.

30.     Service of a Short Form Complaint on the European Fresenius Defendants will be effective only if effected and confirmed as set forth above by confirmation E-mail from the law firm Baker & McKenzie.

## VII.   FRESENIUS NORTH AMERICA AND EUROPEAN FRESENIUS DEFENDANTS' RESPONSIVE PLEADINGS- DIRECT FILED CASES AND CASES TRANSFERRED BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (JPML)[2]

31.     Neither Fresenius North America nor the European Fresenius Defendants are required to file *Short Form Answers* to any such *Short Form Complaint*. An *Entry of Appearance* following service of process (including an appearance entered prior to the filing of the *Short Form Complaint*) by an attorney representing, respectively, Fresenius North America or the European Fresenius Defendants shall constitute a denial of all allegations in the *Short Form Complaint* filed against, respectively, Fresenius North America or the European Fresenius Defendants, and an assertion of all defenses that are included in the *Master Answer* filed on behalf of, respectively, Fresenius North America and the European Fresenius Defendants.

32.     If additional causes of action are alleged against Fresenius North America or the European Fresenius Defendants in a *Short Form Complaint* that were not alleged in the *Master Complaint,* the specific facts supporting these allegations shall be pleaded in accordance with the Federal Rules of Civil Procedure and the Fresenius entity or entities against whom they are alleged must be specifically identified on a separate sheet of paper attached to the *Short Form Complaint.* If additional causes of actions are added pursuant to this paragraph, Fresenius North America and the European Fresenius Defendants reserve the right to plead, or otherwise respond, specifically and separately to such additional causes of action.

---

[2] A "Case Transferred by the JPML" is a case filed in or removed to a federal district other than the District of Massachusetts and subsequently transferred to the District of Massachusetts by the Judicial Panel on Multidistrict Litigation.

11

33.     Filing of a *Master Answer*.

    a.     A *Master Answer and Affirmative Defenses* ("*Master Answer*") shall be filed once: (a) on behalf of only Fresenius North America in MDL 2428 no later than thirty (30) days after entry of this Case Management Order; and (b) on behalf of only the European Fresenius Defendants (individually or collectively) in MDL 2428 no later than forty-five (45) after service of process. The *Master Answer* shall be deemed to respond to the allegations of all *Complaints* against, respectively, Fresenius North America and the European Fresenius Defendants in member actions filed in, removed to, or transferred to MDL 2428. The *Master Answer* is not intended to, and shall not, waive any applicable defenses available to Fresenius North America and the European Fresenius Defendants, and any Fresenius defendant may respond to any complaint by way of motion(s) permissible under the Federal Rules of Civil Procedure and Case Management Orders in MDL 2428 or otherwise. Fresenius North America and the European Fresenius Defendants (individually or collectively) may also file counterclaims, cross-claims and/or third-party complaints, pursuant to Rules 13 and 14 of the Federal Rules of Civil Procedure, in connection with any particular individual action.

    b.     To the extent Fresenius North America or the European Fresenius Defendants (individually or collectively) desire to respond to any particular individual *Short-Form Complaint* for the purpose of motion practice, including for the purpose of addressing any specific cause of action, or for the purpose of pleading counterclaims, cross-claims and/or third-party complaints, such motions or other responsive pleadings shall be filed within the deadlines established by applicable CMO(s), or within 45 days after service of process of the specific member action upon a Fresenius defendant, whichever is later.

    c.     In any member action that is remanded to a transfer court pursuant to JPML Rules 10.1-10.2, or is selected as a bellwether trial should such procedures be ordered, Fresenius North America and the European Fresenius Defendants (individually or collectively) may file an amended answer that includes, but is not limited to, state-specific affirmative defenses based on the applicable substantive state law(s) for that member action.

        (i)     For remanded Member actions, the amended answer shall be filed within 45 days of the remand to the transferor court.[3]

        (ii)     For Member Actions selected as a potential bellwether action, should that procedure be implemented by the Court, the amended answer shall be filed within 45 days of such designation.

---

[3] "Remand" is defined as the date on which the member case is opened, after the entry of a remand order, by the clerk of the transferor court.

34.     Counsel for the Fresenius Defendants shall not further answer or respond to any

original long form Complaint filed prior to the entry of CMO 7.

35.     The parties may request extension of these deadlines by means of a stipulated order

submitted to the Court. The foregoing provisions do not impact the parties' ability to seek leave to

amend a complaint or responsive pleading in accordance with Local Rules and the Federal Rules of

Civil Procedure.  In no event may Plaintiffs file a request for default against any Fresenius entity or

entities named in any member action without first contacting counsel for such defendant and allowing

21 days for remedy.

**SO ORDERED** this ___3ᵈ___ day of _February_ , 2014.

DOUGLAS P. WOODLOCK, J.

13